Ronnie Lee **FRAZIER**, Appellant,

v.

The **STATE of Oklahoma**, Appellee.

No. F–79–1.

Court of Criminal Appeals of Oklahoma.

Feb. 2, 1981.

Demetri Anastasiadis, Asst. Public Defender, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, William S. Flanagan, Asst. Atty. Gen., Kay Jacobs, Legal Intern, for appellee.

## OPINION

CORNISH, Judge:

The appellant was jointly tried with one Terry Wayne Willingham for the offense of Forgery in the Second Degree in the District Court of Oklahoma County. The appellant was convicted and given a two (2) year sentence.

At the trial, the State produced evidence which showed that on March 10, 1978, the appellant and Willingham were present at the Oklahoma City auto auction. While at the auction, Willingham negotiated the purchase of a 1977 pick-up truck with a check in excess of $4,000.00, drawn on the account of J. C.'s Used Cars, and bearing the signature of Randall Weathers. The account had never contained more than $100.00 and had been closed nearly one month prior to the purchase of the truck. The address on the check was that of the appellant's mother-in-law.

Randall Weathers testified at trial that approximately one year prior to the present action he lost his wallet containing his identification. A police officer testified that Willingham told him he had found the wallet and had used Weathers name on the check.

After purchasing the truck the appellant and Willingham drove it to Norman, Oklahoma, but because they never received a title they were unable to sell it. The truck was subsequently abandoned. The State then rested and the appellant demurred to the State's evidence. The demurrer was overruled. The appellant asserts on appeal that the trial court improperly failed to sustain his demurrer.

As the State points out in its brief, conflicts in the evidence and the weight to be given any piece of evidence is within the exclusive province of the jury and this Court will not interfere with the jury's determination in that regard. *England v. State*, 560 P.2d 216 (Okl.Cr.1977). It is also true, however, that the State must establish a prima facie case at trial before a conviction can be upheld on appeal. *Harris v. State*, 591 P.2d 1266 (Okl.Cr.1979).

In order for the appellant to have been convicted as a principal to the crime of Forgery in the Second Degree, it was necessary for him to have either committed the crime or aided and abetted its commission. Title 21 O.S.1971, § 172. The State introduced no evidence showing that the appellant actually committed the crime. In fact, almost all of the State's evidence pointed to Willingham as the actual perpetrator. Therefore, the appellant could be convicted as a principal only if he aided and abetted the commission of the crime.

Aiding and abetting requires acts, words or gestures encouraging the commission of the offense, either *before* or *at* the time of the commission of the offense.

*Anglin v. State,* 92 Okl.Cr. 430, 224 P.2d 272 (1950). Mere acquiescence or mental assent is insufficient. In addition, in the case of a forged check, "[t]he defendant's knowledge of the falsity of the check in question must be shown." *Johnson v. State,* 564 P.2d 664, 666 (Okl.Cr.1977). The State presented no direct evidence of either the appellant's knowledge of the check's falsity or any acts, words or gestures encouraging the commission of the offense.

All the evidence connecting the appellant with the crime was circumstantial. This Court stated in *Roth v. State,* 532 P.2d 1397, 1398 (Okl.Cr.1975), that, "a conviction upon circumstantial evidence cannot be sustained if the proof does not exclude every reasonable hypothesis but that of guilt, and proof amounting only to a strong suspicion or mere probability is insufficient."

■ The facts in the present case show only that the appellant went to the auction with the person who passed the forged check, that the appellant's mother-in-law's address was on the check and that the appellant helped to dispose of the truck *after* being unable to sell it for lack of a title. These facts are insufficient to support the appellant's conviction. They raise a mere suspicion of the appellant's involvement. It would be reasonable to infer from the evidence presented by the State that the appellant was merely at the wrong place at the wrong time.

The evidence in the present case being insufficient as a matter of law, the judgment and sentence is hereby REVERSED and REMANDED with instructions to dismiss.

BRETT, P. J., and BUSSEY, J., concur.