Sam Henry WATKINS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–455.

Court of Criminal Appeals of Oklahoma.

July 2, 1985.

Elaine Meek, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Sam Henry Watkins, was convicted in the District Court of Carter County, Case No. CRF–81–194, of Burglary in the Second Degree, After Former Conviction of a Felony, was sentenced to ten (10) years in prison, and he appeals.

The evidence presented by the State at trial established that the Southwestern Bell Telephone office in Ardmore was burglarized over the weekend of January 10, 1981. Three State's witnesses, including the appellant's wife, testified to conversations in which the appellant described his involvement in the burglary.

The appellant, testifying on his own behalf, denied both making the statements attributed to him, and any involvement in the burglary.

In his initial assignment of error, the appellant alleges that the trial court erred by admitting into evidence statements made by the appellant to his wife. He contends that the admission of these state-

ments violated 12 O.S.1981, § 2504, which provides in pertinent part:

A. A communication is confidential for purposes of this section if it is made privately by any person to his spouse and is not intended for disclosure to any other person.

Statements between a husband and wife are confidential if made when they are alone, or are expressly made confidential by the parties, or are induced by the marital relationship. *Lavicky v. State*, 632 P.2d 1234, 1236 (Okl.Cr.1981). Since the conversations testified to either occurred in the presence of or were later disclosed to a third party by the appellant, exclusion of the testimony was not required by the statute. This assignment of error is without merit.

In his second assignment of error, the appellant contends that the trial court erred in admitting hearsay statements made by his co-defendant, Bobby Watkins, and testified to by his wife. A review of the record firmly establishes, however, that these statements were presented during an in camera hearing, after which the trial court ruled that they were inadmissible. Since the testimony now complained of was never admitted into evidence, it naturally follows that there was no error.

In his third assignment of error, the appellant argues that the trial court committed reversible error by failing to instruct the jury on circumstantial evidence. We note here that the appellant's statements admitting participation in the burglary were direct evidence. *Nichols v. State*, 418 P.2d 77 (Okl.Cr.1966). Therefore, in that the State's case was composed of both direct and circumstantial evidence, the trial court did not err in refusing to give the requested instruction. See, *Grimmett v. State*, 572 P.2d 272 (Okl.Cr.1977), and cases cited therein.

The appellant asserts in his fourth assignment of error that the verdict is not supported by the evidence. When the sufficiency of the evidence is challenged on appeal, the proper test is whether a prima facie case was established. If that test is met, then all questions of fact are left to the jury, and we will not interfere with their verdict even though the evidence may conflict sharply. See, *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980), and cases cited therein. We find that evidence showing that an office window had been broken, a safe opened, and $1,200 stolen conclusively established that a burglary had been committed. Statements made by the appellant were sufficient to establish his participation in the crime. This assignment of error is without merit.

In his final assignment of error, the appellant contends that he was subjected to three evidentiary harpoons. The record reveals, however, that two of the statements now complained of did not possess several of the features of a harpoon as defined by *Bruner v. State*, 612 P.2d 1375 (Okl.Cr. 1980). Therefore, these statements did not constitute an evidentiary harpoon.

With respect to the third alleged harpoon, a question asked of the appellant by the prosecutor, we note that the trial court sustained counsel's objection, and admonished the jury to disregard. Generally, such an admonishment cures the error unless it is of such a nature as to have determined the verdict. *Wimberli v. State*, 536 P.2d 945 (Okl.Cr.1975). In view of the strong evidence of the appellant's guilt, and in that he received the minimum sentence required by law, we find that the admonishment cured any error.

The judgment and sentence is therefore AFFIRMED.

PARKS, P.J., and BRETT, J., concur.