**Lyndon DeMarr HINES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-83-614.**

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1985.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., David W. Lee, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Lyndon DeMarr Hines, hereinafter referred to as the defendant, was convicted in Oklahoma County District Court, Case No. CRF-83-552, of Burglary in the Second Degree, After Former Conviction of a Felony, and was sentenced to twenty-five (25) years' imprisonment. He now appeals.

Briefly stated, the relevant facts of this case are that on January 20, 1983, at approximately 10:30 p.m., Oklahoma City police officers, Ken Conley and Ted Rowen, responded to the activation of a silent alarm which had been set off at 222 East Sheridan. While in route to the location, they received a report that two suspects were running westbound from the location.

As the officers approached the back alley, they saw two men running toward their patrol car. Both men, one of whom was later identified as the defendant, were quickly apprehended.[1]

At trial, Detective Bratcher of the Oklahoma City Police Department, who interrogated the defendant concerning the burglary, stated that he advised Hines of his Miranda rights prior to questioning, that Hines stated he understood his constitutional rights, and that the defendant then "confessed to the burglary" of Wooten's Cold Storage located at 222 East Sheridan. While Bratcher made no recording of the defendant's incriminatory statement, he did take notes of the statement, which were later incorporated into a police report. The defendant admitted the questioning was absent threats and promises, but denied making the statement.

■ First, the defendant argues that the trial court erred in overruling his motion to suppress the incriminating statement he made to Detective Bratcher because there was conflicting evidence concerning whether he admitted involvement in the burglary. We disagree. The facts reveal there was sufficient evidence upon which the court could find a confession was made, and that it was voluntary. This Court has repeatedly held that it will not disturb a trial court's ruling which permits the introduction of a confession if it is supported by sufficient evidence that the defendant knowingly and intelligently waived his rights and understood the consequences of his waiver. *Williams v. State*, 648 P.2d 843 (Okl.Cr.1982); *Cleveland v. State*, 566 P.2d 144 (Okl.Cr. 1977). Thus, this assignment of error is without merit.

■ The defendant alleges in his second assignment of error that the court committed error by failing to request that the closing argument be transcribed. This Court has previously held that the responsibility for making sure the arguments of

1. The other suspect, Joseph Nathan Davis, pleaded guilty to the burglary of Wooten's Cold Storage building.

counsel are recorded rests with the person wishing to appeal. *Frederick v. State,* 667 P.2d 988 (Okl.Cr.1983); *Wright v. State,* 559 P.2d 852 (Okl.Cr.1977). The record reveals no request was made. The defendant's argument must thus fail.

 Additionally, the defendant asserts that the closing argument must have been prejudicial because of the twenty-five year sentence that he received.[2] However, it has long been the law in this jurisdiction that the defendant must make sufficient records so that we may determine whether the alleged improper remarks were actually made, and if so, whether they were invited or provoked by opposing counsel's remarks. *Higgins v. State,* 506 P.2d 575 (Okl.Cr.1973). Without a record, we cannot review defendant's allegations of prosecution misconduct. See *Cook v. State,* 650 P.2d 863 (Okl.Cr.1982). Thus, this assignment is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, specially concurring.

I agree with the result reached by the Court in this case although that conclusion was not easily reached with regard to appellant's first assignment of error. The state's burden in showing that a defendant has knowingly and voluntarily waived his privilege against self-incrimination is a heavy one. *Tague v. Louisiana,* 444 U.S. 469, 100 S.Ct. 652, 62 L.Ed.2d 622 (1980). Our test of that burden is the sufficiency of the evidence showing the waiver. *Glidewell v. State,* 663 P.2d 738 (Okl.Cr. 1983).

On the particular facts of this case, that burden has been met. However, the situation in this case comes very close to a "swearing match" between a single police officer and a defendant. A better practice would be to at least have the confession witnessed by another person; and better still would be a signed, written waiver of rights and statements.

---

**2.** We note the defendant's twenty-five (25) year sentence is not excessive, particularly in view that it was imposed after the conviction of a former felony. The defendant's sentence is within the range provided by law, and does not shock the conscience of this Court.