**Sheila K. AVEY, and William Richard Avey, Jr., Appellants,**

v.

**STATE of Oklahoma, Appellee.**

**Nos. F–84–13, F–84–14.**

Court of Criminal Appeals of Oklahoma.

Aug. 8, 1986.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellants.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Deputy Chief, Criminal Div., Brad Miller, Legal Intern, Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellants, Sheila Kay Avey and William Richard Avey, Jr., were jointly tried and convicted of Unlawful Distribution of a Controlled Dangerous Substance, Marijuana, under 63 O.S.1981, § 2–401(A)(1), in Oklahoma County District Court, Case No. CRF–83–2227. Each received a punishment of ten (10) years' imprisonment and a fine of five thousand ($5,000) dollars. The trial court entered judgments and sentences in accordance with the jury's verdict, and the appellants lodged separate appeals to this Court. The appeals are herein consolidated for review.

Briefly stated, the facts reveal that on January 13, 1983, Oklahoma City undercover police officer William M. Rowlett and an informant went to the Avey residence about 6:00 p.m. to offer to buy two grams of methamphetamine. Officer Rowlett testified that Sheila Avey answered the door and advised Rowlett that it would take about an hour to obtain the requested drugs. Mrs. Avey accepted one hundred fifty dollars from Officer Rowlett who agreed to return later for the drugs. Upon return, Officer Rowlett, accompanied by Officer Jim Kuchta, was informed that the drugs were still unavailable. The officers returned around midnight and, when William Avey answered the door, they demanded either their money or the drugs.

The officers accepted Mr. Avey's offer to substitute a quarter pound of marijuana for the methamphetamine. Mrs. Avey was not present when this arrangement was made. When Mr. Avey left to get the marijuana, a fight ensued in a back room between Mr. and Mrs. Avey, apparently as a result of Mrs. Avey's refusal to agree to the sale and to disclose the location of the marijuana. The officers heard sounds of a physical altercation including slapping and hitting, furniture being turned over, and Mrs. Avey screaming and crying. The officers never actually saw Mrs. Avey on this last visit. Finally, Mr. Avey returned and handed the officers three plastic bags filled with a substance that an expert witness identified as marijuana.

Sheila Avey testified that Officer Rowlett came to her home and asked her to accept one hundred fifty dollars for a debt owed to Don Jordan,[1] whose belongings were stored in the Avey house. Mrs. Avey said she gave the money to Mr. Jordan later that day. William Avey stated that the officers came to his house requesting to see Don Jordan, and refused to leave until they got their drugs or their money. Mr. Avey said this was the first mention of drugs, that he went upstairs and rummaged through Jordan's belongings finding three plastic bags of marijuana, and that he threw them at the officers demanding them to leave.

The first assignment of error alleges that the evidence is insufficient to sustain Sheila Avey's conviction for unlawful distribution of marijuana. We agree.

■ Due process requires a reviewing court to examine the evidence in the light most favorable to the prosecution and to determine whether any rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Spuehler v. State*, 709 P.2d 202, 203–04 (Okl.Cr.1985). When two codefendants are charged with an offense, the State must prove that each element of the offense was committed by each defendant or that one aided and abetted the other in commission of the offense. 21 O.S.1981, § 172; *Hindman v. State*, 647 P.2d 456, 458 (Okl.Cr.1982); *Frazier v. State*, 624 P.2d 84, 85 (Okl.Cr.1981).

■ In the instant case, the undisputed evidence shows that Sheila Avey was not present when William Avey distributed the marijuana to the officers. Both officers testified that they never saw Mrs. Avey on the third visit when the arrangement for the distribution of the marijuana was originally conceived and consummated. Our examination of the record reveals that the State wholly failed to present any direct evidence which would tend to establish the element of distribution as to Sheila Avey. 63 O.S.1981, § 2–401(A)(1). *See also* 63 O.S.1981, §§ 2–101(10) & (12).

Moreover, the State failed to establish facts from which distribution by Mrs. Avey to the officers or to Mr. Avey could be fairly inferred. In fact, the circumstantial evidence presented by the State strongly suggests that Mr. Avey struck Mrs. Avey in a physical altercation resulting from Mrs. Avey's refusal to encourage and actively participate in the distribution. Therefore, the evidence is insufficient to find that Sheila Avey aided and abetted in the unlawful distribution of the marijuana. *See Frazier v. State*, 624 P.2d 84, 85–86 (Okl.Cr.1981).

Because Sheila Avey's conviction must be reversed and remanded with instructions to dismiss, *see Lay v. State*, 692 P.2d 567, 568 (Okl.Cr.1984), it is only necessary to address the remaining assignments of error as they pertain to the co-appellant, William Avey.

■ Mr. Avey contends that the trial court erred in failing to instruct the jury sua sponte on the defenses of entrapment and duress. We disagree. The defense of entrapment was not raised at trial, nor was any instruction requested. It is therefore

---

**1.** Officer Rowlett testified that on his first visit to the Avey house Sheila Avey introduced Don Jordan as the person responsible for obtaining the methamphetamine.

not properly before this Court. *See Giles v. State*, 675 P.2d 441, 442 (Okl.Cr.1984). Furthermore, the defense of entrapment was not available to Mr. Avey because he denied selling the marijuana to the officers. "The simultaneous assertion of improper inducement to commit a crime and denial of having committed the act negates the entrapment defense." *Neilson v. State*, 639 P.2d 615, 617 (Okl.Cr.1981), *cert. denied*, 454 U.S. 1117, 102 S.Ct. 961, 71 L.Ed.2d 105 (1981). *See Willis v. State*, 706 P.2d 167, 168 (Okl.Cr.1985).

Likewise, the evidence in the present case was insufficient to support an instruction on the defense of duress. *See United States v. Bailey*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980); *Smith v. State*, 703 P.2d 201, 202–03 (Okl.Cr.1985). There was absolutely no indication from the record that Mr. Avey had a "well grounded apprehension of death or serious bodily injury if the act is not done." *See Shannon v. United States*, 76 F.2d 490, 493 (10th Cir.1935). *See also* 21 O.S.1981, §§ 155, 156.

Next, Mr. Avey complains that prosecution witnesses injected evidentiary harpoons into the case. However, it is well settled that in the absence of contemporaneous objection any error is waived and cannot be raised for the first time on appeal. *Bruner v. State*, 612 P.2d 1375, 1378 (Okl.Cr.1980). *See* 12 O.S.1981, § 2104. Furthermore, the record reveals that the statements now complained of did not possess several of the elements of a harpoon as defined by *Bruner*. *See Watkins v. State*, 702 P.2d 1045, 1046 (Okl.Cr.1985). Accordingly, this assignment of error is without merit.

The fourth and fifth assignments of error allege that the sentence and fine imposed on Mr. Avey was excessive. Under the facts of this case, in light of the strong evidence of Mr. Avey's guilt and because the sentence and fine imposed are within the statutory limits of 63 O.S.1981, § 2–401, we cannot conscientiously say that such sentence and fine shocks the conscience of this Court notwithstanding the indigency of the appellant. *Edwards v. State*, 663 P.2d 1233, 1235 (Okl.Cr.1983); *Ferguson v. State*, 645 P.2d 1021, 1023 (Okl.Cr.1982); *Hickman v. State*, 626 P.2d 873, 876 (Okl.Cr.1981); *Bruton v. State*, 521 P.2d 1382, 1384 (Okl.Cr.1974).

In his last assignment of error, Mr. Avey contends that his sentence must be modified on the ground that the unreported closing arguments should be presumed prejudicial. This Court has consistently held that defense counsel has the sole responsibility to request and ensure that arguments of counsel are recorded. *Hines v. State*, 706 P.2d 171, 172–73 (Okl.Cr.1985); *Frederick v. State*, 667 P.2d 988, 993 (Okl. Cr.1983); *Cook v. State*, 650 P.2d 863, 870 (Okl.Cr.1982). Without a record, we cannot review the defendant's allegations of prosecutorial misconduct. Because the record fails to reveal that defense counsel requested that the court reporter stenographically take down the closing argument, the appellant's contention of error was not preserved and thus cannot be considered on appeal.

For the above reasons, the judgment and sentence of Sheila Kay Avey must be REVERSED and REMANDED with instructions to DISMISS. The judgment and sentence of William Richard Avey is AFFIRMED.

PARKS, P.J., and BUSSEY, J., concur.