**Vernice Allen HONEYCUTT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–86–341.**

Court of Criminal Appeals of Oklahoma.

May 12, 1988.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

Michael C. Trewitt, Blackwell, for appellant.

OPINION

BUSSEY, Judge:

The appellant, Vernice Allen Honeycutt, was tried and convicted in the District Court of Kay County of the crime of Peeping Tom in Case No. CRM–85–381 and was sentenced to sixty (60) days imprisonment, fined $250.00, and directed to complete ninety (90) days outpatient counseling. The trial court sentenced appellant in accordance with the jury's verdict, but suspended the fine.

During the evening of October 16, 1985, George Barrows was in the living room of his house in Blackwell, Oklahoma watching the television. When he heard the dogs barking outside, he went to investigate and observed appellant crouched on his hands and knees below the window of the bedroom in which his wife was sleeping. Barrows spoke to the appellant, but the appellant just walked off.

Appellant testified that he had been drinking and had left his house on his bike. He testified that he became ill and laid down near the sidewalk and passed out.

He stated that he never looked in the Barrows' window.

 For his first assignment of error appellant asserts that the trial court erred in refusing to give his requested instructions regarding inferences from the evidence, definitions of direct and circumstantial evidence and the use of direct and circumstantial evidence. Instructions to be given to the jury are discretionary with the trial court, and will not be interfered with if they fairly and accurately state the applicable law. *Lamora v. State*, 717 P.2d 113, 116 (Okl.Cr.1986). The essential elements of the crime of Peeping Tom are: 1) hiding, waiting, or loitering; 2) in the vicinity of any private dwelling house, apartment building, or other place of residence; 3) with the unlawful and willful intent; 4) to watch, gaze, or look upon the occupants therein; 5) in a clandestine manner. 21 O.S.1981, § 1171. Elements one, two, and five were established by direct evidence. However, the only means to prove that appellant "willfully gazed" upon Mrs. Barrows is by the use of circumstantial evidence. Since the evidence against appellant was both direct and circumstantial, we find that the trial court properly rejected appellant's requested instructions. *Watkins v. State*, 702 P.2d 1045 (Okl.Cr.1985); *Capps v. State*, 674 P.2d 554 (Okl.Cr.1984). This assignment is groundless.

 Appellant next alleges that the evidence was insufficient to sustain his conviction. We have reviewed the evidence in the light most favorable to the State and find that a rational trier of fact could have found the essential elements of the crime of Peeping Tom beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr. 1985). This assignment is accordingly denied.

 Appellant finally urges that the verdict was contrary to the law and the evidence in that the jury imposed punishment of ninety days of counseling in addition to incarceration in the county jail. This contention is not supported by relevant authority; therefore, we refuse to address it. *Perez v. State*, 614 P.2d 1112 (Okl.Cr.1980).

The judgment and sentence is AFFIRMED.

PARKS, J., concurs.

BRETT, P.J., concurs in result.