James H. LAYMAN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–284.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1988.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, James H. Layman, was tried by jury in the McIntosh County District Court, Case No. CRF–84–54 and found guilty of Obtaining Public Welfare Assistance by Means of False Representation in violation of 56 O.S.1981, § 185. The jury sentenced appellant to a two-year suspended sentence and assessed a fine of $2,000.00. The trial judge assessed additional penalties of $1,756.00 in restitution and $258.00 in court costs. In accordance with 22 O.S.1981, § 991d, the appellant was also assessed a total of $240.00 in probation fees. From this judgment and sentence, appellant has perfected his appeal to this Court.

Appellant had been qualified to receive payments from the Department of Human Services for Aid to Families With Dependent Children. As a recipient, he was obligated to report his earned as well as his unearned monthly income. From September of 1982 through May of 1983, appellant represented on his monthly reporting form that he received no income; however, the evidence revealed that he had received income during this time. The supervisor of the overpayment unit testified that, based on appellant's actual income during the time in question, he received $1,793.00 in overpayment from D.H.S. The statute then in effect stated that a person who received, through false representation, an aggregate amount of assistance in excess of $1,000.00 would be guilty of a felony and fined not more than $5,000.00 or be imprisoned not more than two years or both such fine and imprisonment. See 56 O.S.1981, § 185.

■ In his first proposition of error, appellant contends that because he was adjudged indigent, the total monetary penalties assessed against him were excessive and should be vacated or modified by this Court. The record indicates that the fine, costs, restitution and probation fees assessed were all within statutory limits. See 56 O.S.1981, § 185; 22 O.S.Supp.1983, § 991a; 22 O.S.1981, § 991d. A fine will not be modified unless it shocks this Court's conscience. See Avey v. State, 723 P.2d 989, 992 (Okl.Cr.1986). We have upheld fines within statutory limits, even where the party upon whom they were imposed had been adjudged indigent. Armstrong v. State, 742 P.2d 565, 567 (Okl.Cr.1987). The fines in the instant case were within statutory limits; despite appellant's indigency, we decline to modify them. Appellant's first assignment of error is therefore denied.

In his second proposition of error, appellant contends that the evidence warranted an instruction not only on the elements of the felony with which he was charged (receiving more than $1,000.00 in overpayments), but also on the misdemeanor offense defined in section 185 (receiving $1,000.00 or less in overpayments). He argues that because the amount of his overpayment was in dispute, the jury should have been given the opportunity to find that he received $1,000.00 or less and thus committed a misdemeanor and not a felony under the statute. We disagree.

■ A lesser included offense instruction is required only when the evidence supports it. See Hale v. State, 750 P.2d 130, 136 (Okl.Cr.1988); Funkhouser v. State, 721 P.2d 423, 424–25 (Okl.Cr.1986). Based on the testimony and evidence presented at trial in the present case, there was no support for an instruction of the lesser misdemeanor offense. The only questionable amount in controversy was $242.00 which the appellant received during the relevant time period as reimbursement for court costs in a case unrelated to the present one. However, even when calculated in the manner most advantageous to appellant, this amount would not reduce the $1,793.00 in overpayment to $1,000.00 or less. Therefore, we conclude that an instruction on the lesser misdemeanor offense was not warranted.

■ In his third and final proposition of error, appellant argues that because he was forced to serve his suspended sentence while on appeal bond during the pendency of his direct appeal, his monetary penalties should be vacated on the basis of "eq-

uitable estoppel." We agree with appellant that he should not have been required to serve a sentence while on an appeal bond; Title 22 O.S.1981, § 1058 requires a stay of the judgment when an appeal bond has been granted to a defendant. However, we do not agree that appellant's monetary penalties should be entirely vacated simply because he was incorrectly forced to serve his suspended sentence.

Appellant's counsel concedes there is no relevant authority to support the "equitable estoppel" theory upon which he relies as grounds for vacating his monetary penalties, and we will not search the books for authority to support it. *Wilson v. State*, 737 P.2d 1197, 1204 (Okl.Cr.1987). Both the probation officer and the State agree that appellant should receive credit for the time he did report to probation. Accordingly, appellant's judgment and sentence are affirmed but modified to reflect the credit for the time that appellant has reported to probation.

Although we are affirming this case, we note that because appellant has served his suspended sentence, his fine and costs are now due and owing. Therefore, we also remand this case for a determination of appellant's ability to satisfy the fine and costs, and to determine a plan of payment or to relieve the appellant entirely of these monetary penalties in accordance with Rule 8 of the Court of Criminal Appeals. *See* 22 O.S.1981, Ch. 18, App., Rules of the Court of Criminal Appeals; 22 O.S.1981, § 983.

For the above reasons, the judgment and sentence appealed from is AFFIRMED as MODIFIED to reflect credit for time appellant has reported to probation and REMANDED for a judicial determination as required by 22 O.S.1981, § 983.

BUSSEY and PARKS, JJ., concur.