**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

**v.**

**Nicolette Chris PADILLA–LOPEZ,
Defendant–Appellant.**

No. 09CA0058.

Colorado Court of Appeals,
Div. IV.

July 22, 2010.

Rehearing Denied Nov. 10, 2010.

John W. Suthers, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Michael C. Mattis, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge HAWTHORNE.

Defendant, Nicolette Chris Padilla–Lopez, appeals the district court's order imposing restitution. We conclude that the El Paso County Department of Human Services (DHS) is not a victim under section 18–1.3–602, C.R.S.2009, for restitution purposes of section 18–1.3–205, C.R.S.2009, and we therefore reverse the court's order and remand.

## I. Factual Background

Undercover detectives purchased 16 grams of methamphetamine and 2 grams of cocaine from a third party in defendant's residence while her children were present. Detectives executed a search warrant and recovered 1.5 grams of methamphetamine, 4.4 grams of methylphenidate, baggies, scales, pipes, and hypodermic needles. The drugs and paraphernalia were within the children's reach. Defendant was charged with drug possession and child abuse. To resolve the charges, she pled guilty to two counts of possession, misdemeanor theft, and misdemeanor child abuse. In the plea agreement defendant stipulated that she would pay restitution in all cases.

Pursuant to a dependency and neglect (D & N) decree resulting from the child abuse charges, defendant's children were placed with DHS. The decree obligated defendant to pay a fee to DHS based on her ability to cover the costs of providing care. Following the placement, the state filed a restitution request in this criminal action claiming that DHS was the "victim" of defendant's crimes,

and it was therefore entitled to reimbursement for the $19,295.14 it expended to place and keep her two children in foster care. The court ordered defendant to pay $19,295.14 in restitution to DHS. This appeal followed.

## II. Analysis

Defendant contends that the court erred in ordering her to pay restitution pursuant section 18–1.3–205 because DHS is not a victim under 18–1.3–602. We agree.

### A. Review Standard

A district court has broad discretion to determine a restitution order's terms and conditions, and we will not overturn it absent an abuse of discretion. *People v. Pagan*, 165 P.3d 724, 729 (Colo.App.2006). Misapprehending the appropriate legal standard may constitute an abuse of discretion. *Cf. People v. Nastiuk*, 914 P.2d 421, 423 (Colo.App.1995) (trial court's misinterpreting sentencing statutes constituted abuse of discretion).

Statutory interpretation presents legal questions, which we review de novo. *Dubois v. People*, 211 P.3d 41, 43 (Colo.2009). In construing statutes, we seek to effectuate the General Assembly's intent. *Askew v. Indus. Claim Appeals Office*, 927 P.2d 1333, 1337 (Colo.1996). We look first to the statutory language, giving words and phrases their commonly accepted and understood meaning. *Id.*

### B. Defendant's Stipulation

Initially, we reject the People's argument that defendant is precluded from seeking appellate review of this issue because she stipulated to pay restitution in her plea agreement.

Defendant did not stipulate that DHS was a victim, and she objected that it was not a victim under the restitution statute at the hearing. Accordingly, this issue is preserved for appellate review. *See Dubois*, 211 P.3d at 42 (defendant agreed to pay restitution as part of plea agreement and court reviewed defendant's argument that restitution was imposed illegally); *People v. Webb–Johnson*,

113 P.3d 1253, 1253 (Colo.App.2005) (same); *see also People v. Dunlap,* 222 P.3d 364, 368 (Colo.App.2009) (restitution is considered part of a defendant's sentence); *People v. Sanders,* 220 P.3d 1020, 1024–25 (Colo.App. 2009) (sentences that do not comply with statutory requirements are illegal and can be corrected at any time, and defendants cannot agree to an illegal sentence).

## C. Applicable Statutes and Analysis

■ The court relied on section 18–1.3–205, which mandates that the defendant "make full restitution." Restitution is defined as "any pecuniary loss suffered by a victim ... proximately caused by an offender's conduct ... that can be reasonably calculated and recompensed in money." § 18–1.3–602(3)(a), C.R.S.2009. "Victim" means "any person aggrieved by the conduct of an offender." § 18–1.3–602(4)(a), C.R.S.2009.

In *Dubois v. People,* the Colorado Supreme Court addressed the statutory definition of "victim." 211 P.3d at 42. In that case, a deputy responded to a domestic violence call and attempted to arrest the defendant, who fled in his car. *Id.* The deputy pursued him and requested backup. *Id.* While responding, another deputy was involved in a single-car accident, which destroyed her police car. *Id.* The trial court determined that the deputy and the sheriff's department were entitled to restitution. *Id.*

The supreme court affirmed, reasoning that although "typically the legislature must specifically include law enforcement costs within the restitution statute for them to be eligible for an award of restitution," the deputy and the sheriff's department fell within the general meaning of "victim" under the restitution statute because an essential element of the underlying crime of vehicular eluding requires the victim to be a peace officer. *Id.* at 46. *Dubois* addressed whether law enforcement agencies can qualify as victims, and its reasoning informs our analysis of whether DHS, another governmental agency, qualifies as a victim in this case. *See People v. Clendenin,* 232 P.3d 210 (Colo.App. 2009). Accordingly, we must determine whether DHS is a victim of the underlying crime of child abuse. *Dubois,* 211 P.3d at 43.

Section 18–1.3–602(4)(a) defines "victim" and provides a nonexclusive list of examples, none of which applies here. However, cases decided prior to the restitution statute's amendment have held that a governmental agency may qualify as a victim. For example, in *Valenzuela v. People,* 893 P.2d 97 (Colo.1995), the defendant committed fraud against the department of social services and was ordered to pay restitution. Similarly, a defendant who committed fraud against a county department of social services was required to pay restitution for the value of a department employee's time spent investigating the defendant's conduct, computing lost benefits, and preparing documents for the case's prosecution. *People v. Witt,* 15 P.3d 1109 (Colo.App.2000). In *People v. Cera,* 673 P.2d 807 (Colo.App.1983), the defendant wrongfully procured and retained money belonging to the Drug Enforcement Agency (DEA) when he illegally sold drugs to a police officer. Accordingly, another division of this court affirmed an order requiring him to pay restitution to the DEA. *Id.* In the first two cases, the defendant's unlawful conduct was directed against the governmental agency. In the third, the defendant was wrongfully in possession of funds belonging to a governmental agency.

Here, defendant was convicted of misdemeanor child abuse. A person commits this offense if he or she "permits a child to be unreasonably placed in a situation that poses a threat of injury to the child's life or health." § 18–6–401(1)(a), (7)(b)(I), C.R.S. 2009. Because an essential element of the underlying crime in this case requires wrongful conduct against a child, we conclude that DHS is not a victim and any expenses it incurred were incidental to its duties. *See* § 26–1–201(1)(f), C.R.S.2009 (DHS administers Child Welfare Services); § 26–5–101(3)(i), C.R.S.2009 (Child Welfare Services include placing neglected or dependent children in foster care); *Dubois,* 211 P.3d at 46 (conclusion that deputy and sheriff's department are victims of vehicular eluding does not mean that any law enforcement agency that incurs costs incident to its duties is entitled to restitution). Accordingly, the

court erred in imposing restitution to DHS under section 18–1.3–205.

Defendant further argues that the Colorado Children's Code provides a statutory scheme for DHS to recoup placement costs from parents in a D & N proceeding based on their ability to pay. § 19–1–115(4)(d), C.R.S.2009. Section 19–1–115(4)(d)(I) obligates a parent to pay a fee when a decree provides for placement of a child and public money is expended. Because we conclude that DHS is not a victim, we need not consider defendant's argument that section 19–1–115(4)(d)'s specific fee provisions control over section 18–1.3–205's general criminal restitution scheme.

The court's restitution order is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge DAILEY and Judge CARPARELLI concur.