OSCN Found Document:JACKSON v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 JACKSON v. STATE
2016 OK CR 5
Case Number: F-2014-627
Decided: 03/15/2016
JERMAINE JACKSON, Appellant, v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2016 OK CR 5, __ __

 
OPINION

HUDSON, JUDGE:

¶1 Appellant Jermaine Jackson was tried by jury in the District Court of Tulsa County, Case No. CF-2012-4007, and convicted of two counts of First Degree Malice Aforethought Murder, in violation of 21 O.S.2011, § 701.7(A).[1] The jury assessed punishment at life imprisonment with the possibility of parole for both counts. The Honorable William Musseman, District Judge, pronounced judgment and sentence accordingly and ordered that the sentences be served consecutively.[2] Jackson now appeals raising the following issues:

I. THE TRIAL COURT COMMITTED PLAIN ERROR BY INCLUDING
WITHIN THE DEFINITION AND EXPLANATION OF MALICE
AFORETHOUGHT IN JURY INSTRUCTION NO. 31 THE LAST
PARAGRAPH OF INSTRUCTION NO. 4-62, OUJI-CR(2d) WHICH
INSTRUCTED ON TRANSFERRED INTENT; and

II. THE APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

¶2 After thorough consideration of these propositions, and the entire record before us on appeal, including the original record, transcripts, exhibits and briefs of the parties, we AFFIRM the Judgment and Sentence.

I.

¶3 Appellant contends the trial court committed plain error when it instructed the jury on the doctrine of transferred intent with regard to his Count II charge of malice murder. Appellant asserts the State failed to specify in the Information that Appellant's intent to kill Mr. White could transfer to the killing of Mr. Thorsson. As a result, Appellant argues he was unfairly convicted in Count II based on the "un-charged theory of transferred intent" without proper notice.

¶4 Appellant failed to object to either the sufficiency of the Information or the court's instructions to the jury. Appellant has therefore waived on appeal all but plain error review. See Short v. State, 1999 OK CR 15, ¶ 48, 980 P.2d 1081, 1098 (instructional error claim reviewed for plain error only as no objection was raised at trial); Conover v. State, 1997 OK CR 6, ¶ 10, 933 P.2d 904, 909 (sufficiency of the Information challenge reviewed for plain error only as defendant failed to object to the Information at trial). "To be entitled to relief under the plain error doctrine, Appellant must prove: 1) the existence of an actual error (i.e., deviation from a legal rule); 2) that the error is plain or obvious; and 3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding." Levering v. State, 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395. "If these elements are met, this Court will correct plain error only if the error 'seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings' or otherwise represents a 'miscarriage of justice.''' Id. (quoting Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923).

¶5 The crux of Appellant's allegation hinges on his contention that the transferred intent doctrine is an alternative theory of first degree murder that must be specifically charged. To assess the sufficiency of an Information the following two-pronged test is utilized: "(1) whether the defendant was in fact misled by it, and (2) whether conviction under it would expose the defendant to the possibility of being put in jeopardy a second time for the same offense." Fields v. State, 1996 OK CR 35, ¶ 25, 923 P.2d 624, 629 (citing Lambert v. State, 1994 OK CR 79, ¶ 44, 888 P.2d 494, 504). An Information need not list every element of the charged offense. Fields, 1996 OK CR 35, ¶ 26, 923 P.2d at 629. The question is rather whether the Information provided the defendant with notice of the crimes charged and apprised him of what he must defend against at trial. Id.; Van White v. State, 1999 OK CR 10, ¶ 13, 990 P.2d 253, 261.

¶6 In support of his claim of insufficient notice, Appellant cites to Lambert v. State, 1994 OK CR 79, ¶¶ 44-45, 888 P.2d 494, 504, where this Court found reversible error occurred when the jury was instructed on felony murder despite the State's failure to specifically charge Lambert in the alternative with felony murder. The case herein is distinguishable from Lambert, as transferred intent is not an alternative legal theory of guilt----such as first degree malice murder and felony murder as provided in 21 O.S.2011, § 701.7. The doctrine of transferred intent provides:

[W]hen one person acts with intent to harm another person, but because of a bad aim he instead harms a third person who he did not intend to harm, the law considers him just as guilty as if he had actually harmed the intended victim.

Short, 1999 OK CR 15, ¶ 44, 980 P.2d at 1098 (citing W.LaFave & A. Scott, Criminal Law, § 3.12(d) (2nd ed.1986)). The transferred intent doctrine directly relates to the relevant mens rea element of the charged offense. Application of the transferred intent doctrine does not create a new and different crime. Rather, the transferred intent doctrine provides an alternative factual theory with the same legal basis, i.e., Appellant either directly intended to kill Thorsson or his intent to kill White transferred to Thorsson. Cf. Slaughter v. State, 1997 OK CR 78, ¶ 63, 950 P.2d 839, 857 (aiding and abetting is an alternative factual theory versus a different legal theory of guilt); Rounds v. State, 1984 OK CR 49, ¶ 20, 679 P.2d 283, 287 (charging Information need not specifically allege that the defendant aided and abetted the offense).

¶7 In Bradshaw v. Richey, the United States Supreme Court found it doubtful that the principle of fair notice had any application to a case of transferred intent, "where the defendant's contemplated conduct was exactly what the relevant statute forbade." Bradshaw v. Richey, 546 U.S. 74, 76-77, 126 S.Ct. 602, 604, 163 L.Ed.2d 407 (2005) (emphasis in original). Looking to the relevant mens rea provision for the crime of aggravated murder in Ohio, the Court found Ohio's law provided adequate notice of the applicability of transferred intent. Id. at 77, 126 S.Ct. at 604. The statutorily established mens rea provision for the offense required proof that the defendant "intended to cause the death of another." Id. (emphasis in original). The Court found "[t]here was no reason to read 'another' (countertextually) as meaning only 'the actual victim,' since the doctrine of transferred intent was 'firmly rooted in Ohio law.''' Id. Thus, the Court concluded the respondent in Bradshaw "could not plausibly claim unfair surprise that the doctrine applied in his case." Id.

¶8 The doctrine of transferred intent is likewise firmly rooted in Oklahoma case law. See Short, 1999 OK CR 15, ¶ 44, 980 P.2d at 1098. Moreover, similar to the mens rea provision examined in Bradshaw, the relevant mens rea provision of first degree malice murder in Oklahoma requires only that the State prove the accused had the deliberate intention of taking away the life of another "human being."[3] 21 O.S.2011, § 701.7(A). Thus, the plain language of § 701.7(A) contemplates application of the doctrine of transferred intent as it requires the State prove only that the defendant was intending to cause the death of another human being. As determined in Bradshaw, there is no reason to read § 701.7(A) countertextually as restricting the relevant mens rea to "the actual victim". Consequently, the Information as filed with regard to Count II in the present case was sufficient to notify Appellant of the crime charged and the applicability of the transferred intent doctrine.

¶9 Additionally, Appellant has failed to demonstrate he was in fact misled----to his detriment----by the Information. See Fields, 1996 OK CR 35, ¶ 25, 923 P.2d at 629; Lambert, 1994 OK CR 79, ¶ 44, 888 P.2d at 504. An audiotape of Appellant's statement to police was properly admitted into evidence and played for the jury. Appellant's subsequent testimony during trial mirrored his pretrial statement to Tulsa police. Under these circumstances, Appellant cannot claim prejudice resulted from his decision to testify. Moreover, testifying that he acted in self-defense is not an admission of the necessary mens rea element of malice murder, i.e., that he acted with the deliberate intention of "unlawfully" taking away the life of another human being. See 21 O.S.2011, § 701.7(A). Thus, unlike what occurred in Lambert, 1994 OK CR 79, ¶ 44, 888 P.2d at 504, Appellant's testimony did not guarantee his conviction on Count II.

¶10 The record further demonstrates defense counsel was not surprised by the application of the transferred intent doctrine. Defense counsel's lack of surprise is evidenced in a discussion had between the parties regarding which lesser included offense instructions should be provided in relation to Count 2.

¶11 In light of the foregoing, Appellant's claim that he was unfairly convicted in Count II based on the "un-charged theory of transferred intent" without proper notice is without merit. The Information contained the essential elements of the crimes charged and was sufficient to bar future prosecution for those offenses. Application of the transferred intent doctrine directly related to the relevant mens rea element of Appellant's Count 2 charge of malice murder. The application of the doctrine did not create a new and different crime. Moreover, Appellant has failed to demonstrate that he was misled----to his detriment----by the Information. Based on the circumstances of this case as well as the record, Appellant cannot "plausibly claim unfair surprise that the doctrine applied in his case." Bradshaw, 546 U.S. at 77, 126 S.Ct. at 604. The trial court did not commit plain error by instructing the jury on the doctrine of transferred intent.

¶12 This proposition of error is denied.

II.

¶13 Appellant argues that his trial counsel was ineffective for failing to object to the transferred intent instruction for the reasons set forth in his first proposition of error. To prevail on an ineffective assistance of counsel claim, the defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). As discussed in Proposition I, the transferred intent instruction was proper under the facts and circumstances of this case. Thus, trial counsel was not ineffective for failing to make a meritless objection. Logan v. State, 2013 OK CR 2, ¶ 11, 293 P.3d 969, 975 ("The omission of a meritless claim, i.e., a claim that was destined to lose, cannot constitute deficient performance; nor can it have been prejudicial."). Thus, this proposition of error is denied.

DECISION

¶14 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2016), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE BILL MUSSEMAN, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 DAVID PHILLIPS
 ASSISTANT PUBLIC DEFENDER
 423 S. BOULDER, SUITE 300
 TULSA, OK 74103
 ATTORNEY FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL
 
 RICHARD COUCH
 ASSISTANT PUBLIC DEFENDER
 423 S. BOULDER, SUITE 300
 TULSA, OK 74103
 ATTORNEY FOR APPELLANT
 
 
 
 
 JULIE DOSS
 ASSISTANT DISTRICT ATTORNEY
 500 S. BOULDER, SUITE 900
 TULSA, OK 74103
 ATTORNEY FOR STATE
 
 
 
 E. SCOTT PRUITT
 OKLAHOMA ATTORNEY GENERAL
 JENNIFER B. WELCH
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 ATTORNEYS FOR APPELLEE
 
 
 

 

OPINION BY: HUDSON, J.
SMITH, P.J.: CONCUR
LUMPKIN, V.P.J.: CONCUR 
JOHNSON, J.: CONCUR
LEWIS, J.: CONCUR

FOOTNOTES

[1] With regard to Count II, Appellant was charged with alternative theories of First Degree Murder----malice murder or felony murder in violation of 21 O.S.2011, § 701.7(A) & (B). In addition to malice and felony murder, the jury was also instructed on Manslaughter in the First Degree, Murder in the Second Degree by Imminently Dangerous Conduct and Felony Murder----Second Degree.

[2] Appellant must serve at least 85% of his sentences before parole eligibility. 21 O.S.2011, § 13.1(1).

[3] The definition of murder in the first degree refers to the "death of another human being"; the definition of malice uses the phrase "take away the life of a human being". 21 O.S.2011, § 701.7(A). Whether "human being" or "another human being", the interpretation of the relevant mens rea----malice----is the same.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 79, 888 P.2d 494, LAMBERT v. STATE
Discussed at Length
 1996 OK CR 35, 923 P.2d 624, FIELDS v. STATE
Discussed at Length
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 2013 OK CR 2, 293 P.3d 969, LOGAN v. STATE
Discussed
 2013 OK CR 19, 315 P.3d 392, LEVERING v. STATE
Discussed
 1997 OK CR 6, 933 P.2d 904, Conover v. State
Discussed
 1997 OK CR 78, 950 P.2d 839, 69 OBJ 87, Slaughter v. State
Discussed
 1999 OK CR 10, 990 P.2d 253, 70 OBJ 870, Van White v. State
Discussed
 1999 OK CR 15, 980 P.2d 1081, 70 OBJ 1223, Short v. State
Discussed at Length
 1984 OK CR 49, 679 P.2d 283, ROUNDS v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 701.7, Murder in the First Degree
Discussed at Length