Billy Leroy SEXSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–252.

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1980.

Stanley D. Monroe, Pete Silva, Jr., Appellate Public Defenders, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

After having been charged with Murder in the First Degree for the killing of his wife, the Appellant was found guilty by a jury of First Degree Manslaughter and assessed a sentence of two hundred (200) years in the District Court of Tulsa County in Case No. CRF–78–1030. This was a brutal homicide. Debbie Sexson was asphyxiated by strangulation and suffocation, and, in addition, received numerous postmortem stab wounds. In defense, the appellant claimed no recollection of the homicide by reason of being under the influence of paint fumes.

### I

■ First complained of on appeal is the error of the trial court in not binding him over on a lesser charge of either murder in the second degree or manslaughter. In effect, he argues that at the preliminary hearing the State completely failed to demonstrate the "malice aforethought" as provided by Laws 1976, 1st Ex.Sess., c. 1, § 1, now 21 O.S.Supp.1980, § 701.7 A. We have carefully examined the transcript of the preliminary hearing and are of the opinion that the evidence was sufficient to support the order binding him over to stand trial in the District Court. As we stated recently in *Holloway v. State*, Okl.Cr., 602 P.2d 218 (1979):

> "We find from our review of the transcript that testimony taken at the preliminary hearing presented sufficient evidence by the State from which the examining magistrate could find the public offense alleged in the information had been committed, and there was sufficient cause to believe the defendant had committed the offense. *Turner v. State*, Okl. Cr., 549 P.2d 1346 (1976). And where there is competent evidence in the record the reviewing court will not interfere with the determination of the finder of fact. *Tabor v. State*, Okl.Cr., 582 P.2d 1323 (1978)."

### II

■ Secondly, the appellant argues that the trial judge committed error in not striking the bill of particulars prior to the jury selection. There was on file a bill of particulars setting out three (3) of the statutory aggravating circumstances as set by Oklahoma law. See Laws 1976, 1st Ex.Sess., c. 1, § 5, now 21 O.S.Supp.1980 § 701.11. We are of the opinion that because the appellant was found guilty of manslaughter in the first degree at the conclusion of the guilt finding stage of the trial, the bill of particulars was never read to the jury. This issue is therefore moot. In addition, no authority has been submitted to us in support of this proposition. See *Collins v. State*, Okl.Cr., 407 P.2d 609 (1965).

### III

■ The appellant next urges in support of reversal that his incriminating statements to the police were not the result of a knowing and intelligent waiver of his right under *Miranda v. State*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defense counsel argues that the appellant was "disheveled, disoriented, . . . and in a trance-like condition" because of some forty eight (48) hours of sniffing paint. After conducting an in–camera hearing on the voluntariness of the confession, the court allowed this issue to be presented to the jury under proper instructions. In *McCoy v. State*, Okl.Cr., 534 P.2d 1317 (1975), Judge Bliss, speaking for a unanimous court, stated:

> "We have held that even though the accused may be to some extent under the influence of narcotics this fact alone does not conclusively establish the confession as involuntary. Consequently, he may make incriminating statements to interrogating officers while being under the influence of narcotic."

This contention therefore lacks merit.

### IV

■ Lastly, the Appellant argues that the excessive sentence was the result of the admission of improper evidence and error in qualifying the jury to return the death pen-

alty. Considering the sadistic manner in which the victim was killed, as well as the evidence concerning the postmortem stabbing of the victim's body, we feel the sentence imposed is not excessive. We are not shocked by a sentence of two hundred (200) years.

The judgment will be affirmed.

BUSSEY, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge (specially concurring).

I concur that this conviction should be affirmed, but I would modify the sentence to life imprisonment.