Randy Keith KOONCE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–240.

Court of Criminal Appeals of Oklahoma.

Feb. 25, 1985.

Rehearing Denied March 15, 1985.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Randy Keith Koonce, appellant, was convicted in Stephens County District Court of Murder in the First Degree and Shooting with Intent to Kill. A sentence of life imprisonment was imposed on each charge, to run consecutively.

In the early morning hours of March 12, 1981, appellant entered the home of one of his shooting victims, Teddy Kincannon, armed with a gun. He had shot Teddy Kincannon on his front porch, blinding him in one eye. Appellant proceeded into the kitchen area of the home and shot one bullet through a kitchen window and one in the back of a guest of the Kincannons by the name of Mike Williams. Williams probably died instantly from the wound he re-

ceived, according to testimony at trial. Appellant also fired one shot into the bedroom door behind which Deborah Kincannon had escaped with the telephone; fortunately not wounding Deborah. The telephone wire was cut.

Appellant was the husband of another guest, Debbie Koonce, who had asked to stay at the Kincannon residence because she feared her estranged husband. Debbie Koonce had separated from appellant approximately one month prior to this incident. And just two days prior, appellant held Debbie hostage at knifepoint for five hours. Charges arising from that incident were pending at the time of the shooting.

On the evening of March 11, 1981, appellant had seen the Kincannons and their two guests in the Kincannons' automobile as they went out for dinner. Appellant followed them to a filling station where he asked Teddy if Debbie Koonce and Mike Williams were on a date. Teddy told him they were not, and stated that the friendship between he and the appellant was over because of the way appellant had treated Debbie.

When Randy Koonce later appeared on the Kincannons' porch, he demanded to see Debbie. Teddy at one point pushed appellant to the ground but as he turned toward the door of the house from the porch to have Debbie Koonce sent out, he was shot above the eye by appellant who then rushed the house. One witness testified that appellant yelled "I'll kill you all," as he ran into the house.

## I

Appellant first assigns as error the binding over of appellant for Murder in the First Degree at the preliminary hearing because of insufficient evidence of malice aforethought. He claims that the only evidence offered in this regard was that Williams was shot in the dark house and that appellant fired the shot.

◼ Appellant failed to preserve his assignment of error because he entered his plea of not guilty without making this ob-jection. We have previously held that waiver is effected by failure to file a motion to quash prior to entering a plea. *Farmer v. State*, 565 P.2d 1068 (Okl.Cr. 1977). Even had his assignment been properly preserved it would fail on its merit. There is sufficient evidence from which reasonable cause that a crime was committed and that appellant committed it could be 'found by the magistrate. *Jones v. State*, 660 P.2d 634 (Okl.Cr.1983). This assignment of error fails.

◼ Similarly, appellant asserts that the evidence at trial did not support an instruction to the jury of Murder in the First Degree due to lack of evidence of malice aforethought. Again, appellant failed to preserve any error in this regard by not making a timely objection to the instructions and/or providing the instructions desired. *Luckey v. State*, 529 P.2d 994 (Okl.Cr.1974). In fact, counsel for appellant told the court that he had no objections to the instructions. This constitutes a waiver of objections. *Butler v. State*, 645 P.2d 1030 (Okl.Cr.1982). We do note that malice aforethought, the intent to unlawfully take away the life of a human being, may be proven circumstantially, *Henderson v. State*, 661 P.2d 68 (Okl.Cr.1983), and is within the province of the jury to decide its existence. *McFarland v. State*, 648 P.2d 1248 (Okl.Cr.1982). This Court will not interfere with their decision where, as here, there is competent evidence in the record from which the jury could reasonably conclude that appellant is guilty as charged. *Short v. State*, 634 P.2d 755 (Okl.Cr.1981). While appellant claims the house was dark and he could not have known the homicide victim was in the kitchen, there was other uncontroverted evidence indicating certain lights were on in the house and a person within the kitchen would be visible. This, in addition to evidence of threats by appellant to shoot his victims, makes this assignment meritless.

◼ As appellant's final subproposition within this assignment, he asserts that there was not sufficient evidence to prove beyond a reasonable doubt malice afore-

thought. Malice is the deliberate intention unlawfully to take away the life of a human being. 21 O.S.Supp.1982, § 701.7(A). "[D]esign to kill may be inferred from the fact of killing." *Swarb v. State*, 358 P.2d 850, 852 (Okl.Cr.1961) (emphasis deleted). See also 21 O.S.1981, § 702. This inference as well as the evidence that appellant went to the Kincannon residence with a loaded gun, shooting Teddy Kincannon, rushing the house and shooting at the decedent twice and then shooting through the bedroom door behind which Debbie Kincannon hid, provided sufficient evidence to show a prima facie case of malice aforethought. *Copeland v. State*, 665 P.2d 325 (Okl.Cr. 1983).

## II

■ It is error for the trial court to not instruct the jury on a lesser included offense supported by the evidence. *Dawson v. State*, 647 P.2d 447 (Okl.Cr.1982). But the court is not required to instruct as to every conceivable offense, rather, only those reasonably supported by the evidence. *Barnett v. State*, 560 P.2d 997 (Okl.Cr.1977). In the instant case, the jury was instructed of Second Degree Murder and Heat-of-Passion Manslaughter in addition to Murder in the First Degree. Appellant suggests that the trial court erred in failing to instruct as to misdemeanor/manslaughter though not requested. He now claims the misdemeanor offenses of Reckless Conduct with a Firearm (21 O.S.1981, § 1289.11), Pointing a Weapon at Another (21 O.S.1981, § 1279), or Carrying or Using a Firearm While Under the Influence of Intoxicating Liquor (21 O.S.1981, § 1289.9) were in evidence.

We do not find instructions as to these misdemeanors warranted by the evidence. Appellant failed to put on defense evidence but his counsel did argue that he acted in the heat of passion, enraged by jealousy for his wife. There was no evidence his conduct was different than that charged. We have held on numerous occasions that the trial court is not required to instruct as to manslaughter when there is no evidence

causing reduction from murder. *See, e.g., Sanders v. State*, 556 P.2d 611, 614–15 (Okl.Cr.1976). Appellant fails to point out anything in the record which would be even slight evidence to warrant an instruction of misdemeanor-manslaughter. This assignment fails.

## III

■ For the shooting of Teddy Kincannon which resulted in blindness in one eye, appellant was charged with the offenses of Shooting with Intent to Kill (21 O.S.1981, § 652), and Assault and Battery with a Dangerous Weapon (21 O.S.1981, § 645). Appellant assigns as error the trial court's failure to instruct the jury of the offenses of Assault and Battery with a Deadly Weapon (21 O.S.1981, § 652) and Aggravated Assault and Battery (21 O.S.1981, § 646), though never requested to do so.

The general rule established in Oklahoma is that:

It is well settled that the instructions to be given the jury are left to the trial court's discretion. This judgment will not be interfered with as long as the instructions, when considered as a whole, fairly and accurately state the applicable law.

*Green v. State*, 611 P.2d 262, 266 (Okl.Cr. 1980) (citing *Batie v. State*, 545 P.2d 797 (Okl.Cr.1976)).

In this case, the trial judge's instructions fairly and accurately stated the applicable law. The evidence supports the conclusion that appellant shot Teddy Kincannon either with the intent to kill or the intent to cause bodily harm. The offenses instructed upon include these intents as elements. The evidence does not reasonably lead to the conclusion that appellant acted otherwise, and that is the finding the trial judge would have to have made to instruct on the offenses appellant suggests the jury should have been instructed. The uncontroverted evidence is that while on the Kincannons' porch, appellant twice threatened to shoot Teddy if appellant's wife was not sent outside. When Teddy turned his head toward

the house, appellant shot him above the right eye.

The trial court did not abuse its discretion in instructing the jury as it did.

## IV

■■■ Appellant received a sentence of life imprisonment upon his conviction of Shooting with Intent to Kill, as recommended by the jury. He claims this to be an excessive sentence.

The charge of Shooting with Intent to Kill (21 O.S.1981, § 652), carries a penalty of up to life imprisonment. We have repeatedly held that:

> When a sentence is within the limits imposed by statute, this Court will not modify the terms of that sentence unless we can conscientiously say that under all the facts and circumstances it is so excessive as to shock the conscience of the Court.

*Hill v. State*, 550 P.2d 1356, 1358 (Okl.Cr. 1976) (citing *Anderson v. State*, 523 P.2d 1099 (Okl.Cr.1974)).

In the present case, appellant came to the home of the victim at 4:00 a.m. with a loaded pistol. He demanded to see his estranged wife. The victim shouted for his wife to tell the appellant's wife to come outside. At one point the victim pushed appellant off of the porch as he tried to push his way into his house. Appellant arose and shot the victim in the head above the eye. The near fatal shot blinded the victim permanently in the right eye. Appellant proceeded into the house and shot his homicide victim and then shot through the bedroom door where Debbie Kincannon had stolen away.

We do not find the sentence shocking to the conscience of the court under the circumstances surrounding the shooting. It can hardly be said that appellant's conduct was a reasonable response, as his brief asserts. There is no evidence to support his assertion that Teddy Kincannon was the aggressor or that he somehow provoked the attack by appellant. This assignment and his related assignment that his sentence was excessive when made to run

consecutively to his other life sentence, is without merit.

■■■ It is a decision resting in the sound discretion of the trial court as to whether a defendant's sentences should run concurrently. *Lloyd v. State*, 654 P.2d 645, 647 (Okl.Cr.1982) (citing *Taylor v. State*, 490 P.2d 1404 (Okl.Cr.1971)). Under the facts and circumstances of this case, the trial court did not abuse its discretion on either charge.

## V

■■■ Appellant claims that he was denied a fair trial because potential jurors were excused for cause on the basis of *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), which allows excuse for cause of those jurors who cannot impose the death penalty under any circumstances. However, we find that appellant's assignment is rendered moot by the jury's failure to impose the death penalty. *Witherspoon*, supra; *Brinlee v. Crisp*, 608 F.2d 839 (10th Cir.1979); *Rushing v. State*, 676 P.2d 842 (Okl.Cr.1984). *See also Sexson v. State*, 620 P.2d 1326 (Okl.Cr. 1980). In the absence of evidence that the jury was necessarily conviction prone, this assignment must fail. *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).

## VI

■■■ Appellant complains that the trial court erred in failing to order a presentence report under 22 O.S.Supp. 1982, § 982 prior to sentencing him. A search of the record reveals neither oral or written request or waiver of such a report. Appellant asserts that he was eligible for a suspended sentence or for his sentences to run concurrently, and that the trial judge may have so ordered if he had received a presentence investigation report.

We held in *Springer v. State*, 546 P.2d 645 (Okl.Cr.1976) that since Section 982 provides for a "suitable waiver" of a presentence report, a defendant may effectively waive it by acquiescence in a hearing of

evidence in mitigation or aggravation of punishment without objecting or asserting a right to a presentence investigation and report. The purpose of the presentence investigation report being to expose the trial court to more complete information of the defendant and the crime, it can hardly prejudice a defendant who does not have one when twice a hearing is conducted which presents this same type of evidence. At trial, evidence in mitigation of sentence was presented during the punishment stage of the proceeding there being a murder in the first degree conviction. Again, at sentencing, evidence was presented in mitigation to the trial court. This, in addition to appellant's failure to cite this as error in his motion for new trial, effectively waived any error.

### VII

■ Appellant correctly asserts that as a general rule evidence of crimes other than those for which one is on trial cannot be offered to prove guilt of the crimes under consideration. *Atnip v. State*, 564 P.2d 660 (Okl.Cr.1977). He claims that because of this rule the trial court erred in admitting evidence which tended to prove him guilty of offenses unrelated to those on trial. The evidence complained of regards the incident occurring two days prior to the shootings when appellant broke into the home of his estranged wife and held her hostage for about five hours, threatening her with a knife.

■ There are well-recognized exceptions, however, to this general rule. Evidence of other offenses may be admissible where it tends to establish motive, intent, absence of mistake or accident, identity or a common scheme or plan which embraces the commission of two or more crimes so related to each other that proof of one tends to establish the other. Section 2404, of 12 O.S.1981, provides for admission of such evidence to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

This Court noted in *McCollum v. State*, 57 Okl.Cr. 381, 48 P.2d 872, 875 (1935):

Any fact is admissible in evidence which tends to shed light upon the intention of a defendant in the commission of an act for which he is on trial, even though it may prove a separate and independent crime.

■ The evidence of other crimes in this case tended to prove intent as well as motive. It shows appellant's motive to dominate his estranged wife; and, it shows appellant's purpose to use force to control her. It also tended to discredit his counsel's claim that appellant acted in the heat-of-passion provoked by his victims. Thus, we find the evidence had sufficient probative value for its admission. It most certainly shed light on appellant's intention and motive and portrayed his vicious humor existing prior to the shootings. *McCollum*, supra.

### VIII

■ Appellant further complains that the trial court erred in failing to give the jury an instruction limiting their consideration of evidence of other crimes to the purpose for which it was admitted. He relies upon *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979), wherein a majority of this Court held the trial court should instruct the jury that the defendant cannot be convicted for any crime other than the one with which he or she is charged. But here, the evidence falls within an exception to *Burks*, and no instruction was required. But even when such an instruction is called for, it must be requested of the trial court in writing. *Scott v. State*, 663 P.2d 17 (Okl.Cr.1983); *Ramsey v. State*, 558 P.2d 1179 (Okl.Cr.1977). It was not necessary for the trial court to so instruct the jury, and even if it were, appellant's failure to request an instruction in writing negates error.

### IX

■ Finally, appellant contends that improper comments of the prosecutor made during closing arguments warrant reversal or modification of his sentence. A review

of the record has been made for prejudicial comments, and none merit reversal or modification. We have consistently held:

> [T]he right of argument contemplates a liberal freedom of speech and the range of discussion; illustration and argumentation is wide. Counsel for both the State and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising therefrom. Only when argument by counsel for the State is grossly improper, and unwarranted upon some point which may affect the appellant's rights can a reversal for improper argument be justified.

*Frazier v. State,* 607 P.2d 709, 711 (Okl.Cr. 1980) (citing *Battle v. State,* 478 P.2d 1005 (Okl.Cr.1970) ). The only statement that is properly preserved and potentially erroneous is the comment of the prosecutor that "not a person ... took the stand and rebutted what happened." There were other statements less direct than this one which defense counsel also claimed to be improper comment on appellant's failure to testify. We have routinely held it to be proper comment for the prosecutor to note that the State's evidence was not controverted, *Gamble v. State,* 554 P.2d 23 (Okl.Cr.1976). We consider the comments under scrutiny of no graver magnitude and not productive of error.

Finding no error warranting reversal or modification, the judgments and sentences are AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., concurs in results.