**Robert LANDTROOP, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. M–84–637.

Court of Criminal Appeals of Oklahoma.

May 4, 1988.

Patti Palmer, Deputy Appellate Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Presiding Judge:

Appellant, Robert Landtroop, was found guilty of the misdemeanor of Assault and

**1372**

Battery in Murray County, Case No. CRM–83–385; he was sentenced to 30 days in the County Jail and to pay a $100.00 fine.

On September 9, 1983, Richard McKee, principal of the Davis High School, was present at the Davis Football Stadium where the Davis–Sulphur game had just been completed. He was summoned by one of the Davis teachers to break up a fight that was in progress between two girls. A crowd had gathered and appellant, the common law husband of one of the combatants, was standing near where the girls were on the ground. McKee pushed through the crowd to reach the girls and found appellant's wife on top of the other girl hitting her. When McKee bent to separate them, appellant pushed him back and said, "let them fight." McKee said that he then identified himself as a school official and when he again attempted to intercede, appellant butted him in the head with his head. There was evidence the butting was deliberate, albeit an unusual tactic.

Appellant admitted he participated in the head bumping incident but claims it was an accident. He contends in the alternative that if it was not an accident, he was justified because he was trying to protect his wife. He claims he did not know McKee was the principal until after they bumped heads.

■ Appellant's first proposition is a claim that the State should have given a *Burks* notice before introducing evidence of a prior crime. *See Burks v. State,* 594 P.2d 771 (Okl.Cr.1979). The "other crime" in question was brought out by the State in its case-in-chief in the testimony of the Administrative Assistant to the Superintendent of the Sulphur Schools. He related that he had known appellant for six years and that he saw appellant similarly use his head as a weapon in a fight in 1980. The State did not give notice as prescribed in *Burks.* The State claims this testimonial evidence constitutes an exception to a *Burks* notice requirement. The exception being that it was introduced to show that

this was not an accident. 12 O.S.1981, § 2404(B).

The State has completely misinterpreted the holding in *Burks.* Since accident *is* an exception to admitting other crimes evidence, it *may* be admitted *if* it is preceded by notice and accompanied by a cautionary instruction. In this case, the evidence in question could have been admitted if the State had given notice or on rebuttal without notice. *Freeman v. State,* 681 P.2d 84 (Okl.Cr.1984). The State, in anticipating appellant's defense, however, prematurely offered this testimony without notice in its case-in-chief.

■ In addition to the failure to give notice, the State also failed to give a limiting instruction, although a limiting instruction was not requested, the trial court should have given one sua sponte. The language in *Burks* is mandatory on this point where it states "[T]he trial court must always give the limiting instructions." *Burks,* 594 P.2d at 775. The State cites *Koonce v. State,* 696 P.2d 501, 507 (Okl.Cr.1985) as authority for placing the burden on appellant to request the limiting instruction. To the extent that *Koonce* is in conflict with *Burks,* it is hereby overruled; it was never the intent of the majority of this Court to overrule or in any way limit the requirements of *Burks.*

This case is REVERSED and REMANDED for a new trial.

PARKS, J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting:

For the reasons stated in my dissent to *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979), and in the majority opinion in *Koonce v. State,* 696 P.2d 501 (Okl.Cr.1985), I dissent. I would affirm the judgment and sentence.