2015 OK CR 17

Billy Wayne ENGLES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–2014–418.

Court of Criminal Appeals of Oklahoma.

Dec. 18, 2015.

312

Whitney Paige Kerr, Durant, OK, attorney for defendant at trial.

Julie Cuesta–Naifeh, Asst. District Attorney, Durant, OK, attorney for the state at trial.

Virginia Sanders, Norman, OK, attorney for appellant on appeal.

E. Scott Pruitt, Attorney General, Keeley L. Miller, Assistant Attorney General, Oklahoma City, OK, attorneys for appellee on appeal.

*OPINION*

LEWIS, Judge.

¶1 Billy Wayne Engles, Appellant, was tried by jury and found guilty of loitering within the zone of safety of a school after conviction of a sex offense involving a victim under thirteen (13) years of age, in violation of 21 O.S.Supp.2010, § 1125, in the District Court of Bryan County, Case No. CF–2013–510. The jury found Appellant guilty and sentenced him to jail time already served (235 days) and a $2,500.00 fine. The Honorable Rocky L. Powers, Associate District Judge, pronounced judgment and sentence accordingly. Mr. Engles appeals in the following propositions of error:

1. The statute that prohibits "loitering" within 500 feet of the zone of safety around schools is unconstitutionally vague as applied in this case;

2. The prosecution's case was insufficient to convict Mr. Engles of loitering in violation of the zone of safety around schools;

3. Appellant's conviction in this case was in violation of the rule prohibiting ex post facto prosecutions;

4. Mr. Engles was denied his right to a fair and impartial judge during several stages of these proceedings because Judge Campbell had a conflict of interest in hearing this case;

5. The trial court improperly denied Mr. Engles a strike for cause that should have been granted resulting in a jury panel that was biased against Appellant;

6. Appellant was prejudiced in this case by the ineffective assistance of counsel;

7. The cumulative effect of all these errors deprived Appellant of a fair trial and warrant [sic] relief for Billy Engles.

¶2 In Proposition One, Appellant argues that 21 O.S.Supp.2010, section 1125 is unconstitutionally vague. Appellant made no vagueness objection at trial, waiving all but plain error. To obtain relief, Appellant must prove a plain or obvious error affected the outcome of the proceeding. *Simpson v. State*, 1994 OK CR 40, ¶¶ 2, 11, 876 P.2d 690, 693, 695. The Court will correct plain error only if the error "seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings." *Id.*, 1994 OK CR 40, ¶ 30, 876 P.2d at 700–701.

¶3 Conviction under a criminal law so vague that it fails to give ordinary people fair notice of prohibited conduct, or so standardless that it invites arbitrary enforcement, violates due process of law. *Chicago v. Morales*, 527 U.S. 41, 56, 119 S.Ct. 1849, 1859, 144 L.Ed.2d 67 (1999). We presume the acts of the legislature are constitutional, until the contrary is clearly shown. *Arganbright v. State*, 2014 OK CR 5, ¶ 15, 328 P.3d 1212, 1216. A statute is not unconstitutionally vague if reasonable people would know their conduct is at risk. *Allen v. City of Oklahoma City*, 1998 OK CR 42, ¶ 6, 965 P.2d 387, 390.

¶4 Section 1125(A) prohibits "loitering" by persons, convicted of registerable sex offenses [1] with victims under thirteen, within the zone of safety defined by statute. The statute provides that such persons are "exempt from the prohibition ... *only* under the following circumstances and *limited to* a reasonable amount of time to complete such tasks." (emphasis added). The only authorized circumstances, as pertinent here,[2] are where the offender is a "custodial parent or legal guardian" of "an enrolled student," who is "enrolling, delivering or retrieving such child at the school ... during regular school or facility hours or for school-sanctioned ... extracurricular activities."

¶5 The statute further requires that the sex offender custodial parent or legal guardian *shall,* "[p]rior to entering the zone of safety ... inform ... administrators of his or her status as a registered sex offender [and] update monthly, or as often as required by the school ... information about the spe-

---

1. Section 1125(A) expressly references both Oklahoma convictions of offenses requiring registration under the Sex Offender Registration Act at 57 O.S.Supp 2010, § 582, and convictions of registerable offenses from other jurisdictions, involving victims under age thirteen.

2. There is no issue presented here concerning the statutory exemptions for certain medical treatment or church attendance by sex offenders. 21 O.S.Supp.2010, § 1125(D), (E).

cific times the person will be within the zone of safety." § 1125(C)(1) (emphasis added).

¶ 6 By operation of these specific statutory exemptions, *any* sex offender convicted of a registerable offense involving a victim under thirteen, who is present in the zone of safety *without* a statutory exemption *and* the required prior notice to administrators is, *by definition*, loitering in violation of the law. The statute is not unconstitutionally vague. Appellant has shown no error, and thus no plain error, in the enforcement of this statute. Proposition One is denied.

¶ 7 Appellant argues in Proposition Two that the evidence is legally insufficient to support his conviction. This claim requires the court to determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Spuehler v. State*, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203–04. Appellant was convicted of child sexual abuse with a victim under age thirteen. He was not a custodial parent or legal guardian of an enrolled student when he entered the zone of safety without a statutory exemption, and without proper advance notification. He was therefore guilty of loitering within the zone of safety. Proposition Two is denied.

¶ 8 In Proposition Three, Appellant argues that his conviction under the 2010 version of section 1125 violates the prohibitions against *ex post facto* laws. U.S. Const. Art. I, § 9; Okla. Const. art. II, § 15. Appellant preserved this claim in two *pro se* motions to dismiss denied by the trial court. A statute will be upheld unless it is plainly inconsistent with fundamental law. *State v. Hall*, 2008 OK CR 15, ¶ 23, 185 P.3d 397, 403. Every law that criminalizes an act done before the passing of the law, or makes the crime greater than it was when committed, or inflicts a greater punishment than when it was committed, or receives less, or different, testimony than required at the time of the offense to convict the offender, is an *ex post facto* law. *James v. State*, 2009 OK CR 8, ¶ 5, 204 P.3d 793, 795. Appellant's conduct was *not* innocent under the law when committed; the 2010 law did not increase punishment for his offense, or make his crime greater; or require less, or different, testimony than required at the time of the offense to convict him. There is no *ex post facto* violation. *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). Proposition Three is denied.

¶ 9 Appellant claims in Proposition Four that the district judge who acted as magistrate at preliminary examination and ruled on certain motions had a "conflict of interest" and should have been disqualified. This claim is waived by the failure to object in the proceedings below. *Welch v. State*, 2000 OK CR 8, ¶ 37, 2 P.3d 356, 372. We review only for plain error, as defined above. Under 20 O.S.2011, § 1401(A), no judge shall preside in a cause "in which he has been of counsel for either side." However, the judge was not previously counsel for either side in the current prosecution. And "the fact that [the judge] had prosecuted the defendant in a previous case does not, by itself, show prejudice" requiring disqualification. *Sam v. State*, 1973 OK CR 264, ¶ 17, 510 P.2d 978, 981, *overruled on other grounds, Buis v. State*, 1990 OK CR 28, 792 P.2d 427. There is no error, and thus no plain error. Proposition Four requires no relief.

¶ 10 Appellant claims in Proposition Five that the trial court's refusal to excuse a prospective juror was reversible error. The trial court denied Appellant's challenge of this juror for cause. Defense counsel removed the juror with the first peremptory strike. This Court will reverse a conviction based on a denial of a challenge for cause only where the erroneous ruling reduced the appellant's peremptory challenges and he was forced, over objection, to keep an unacceptable juror. *Warner v. State*, 2001 OK CR 11, ¶ 10, 29 P.3d 569, 573–74.

¶ 11 Counsel used all five peremptory strikes, but requested no additional peremptories, and failed to preserve this claim by making a record of which unacceptable juror(s) the defendant would have excused had the challenge for cause been granted. This claim is waived. *Eizember v. State*, 2007 OK CR 29, ¶ 36, 164 P.3d 208, 220.

Reviewing for plain error as defined above, we find none. Proposition Five is denied.

¶ 12 In Proposition Six, Appellant claims that trial counsel was ineffective in failing to: (1) seek recusal of the district judge who acted as magistrate; and (2) request additional peremptories and specify one or more unacceptable jurors on the final jury. Reviewing these claims according to the deficient performance/prejudice test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), Appellant's claim fails. Failure to seek recusal of the judge was objectively reasonable, as there was no ground for disqualification. Because the jurors who served were fair and impartial, Appellant cannot show any prejudice from counsel's omissions in jury selection. *Ross v. Oklahoma*, 487 U.S. 81, 84, 86, 108 S.Ct. 2273, 2276, 2277, 101 L.Ed.2d 80, 87, 88 (1988). This proposition is denied.

¶ 13 Proposition Seven argues that the accumulation of errors warrants relief. As we find no error, there is no accumulation of errors. *Neloms v. State*, 2012 OK CR 7, ¶ 40, 274 P.3d 161, 171. Proposition Seven is denied.

## DECISION

¶ 14 The Judgment and Sentence of the District Court of Bryan County is **AFFIRMED**. Pursuant to Rule 3.15, *Rules of the Court of Criminal Appeals*, Title 22, Ch. 18, App. (2015), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LUMPKIN, V.P.J., SMITH, P.J., JOHNSON and HUDSON, JJ. concurs.