ATTORNEYS AT TRIAL GARY BUCKLES, EVAN FREEMAN, P.O. BOX 771, POTEAU, OK 74953, COUNSEL FOR DEFENDANT.
FARLEY WARD, DISTRICT ATTORNEY, ADAM SCHARN, ASSISTANT DISTRICT ATTORNEY, HASKELL COUNTY COURTHOUSE, 202 EAST MAIN STREET, SUITE 11, STIGLER, OK 74462, COUNSEL FOR THE STATE.
ATTORNEYS ON APPEAL JAMES H. LOCKARD, DEPUTY DIVISION CHIEF, HOMICIDE DIRECT APPEALS DIV., OKLA. INDIGENT DEFENSE SYSTEM, P.O. BOX 926, NORMAN, OK 73070, COUNSEL FOR APPELLANT.
MIKE HUNTER, ATTORNEY GENERAL OF OKLAHOMA, MATTHEW D. HAIRE, ASSISTANT ATTORNEY GENERAL, 313 NE 21ST STREET, OKLAHOMA CITY, OK 73105, COUNSEL FOR APPELLEE.
SUMMARY OPINION
KUEHN, JUDGE:
¶1 Kendall Ray Thompson was tried by jury and convicted of Counts I and II, Manslaughter in the First Degree in violation of 21 O.S.2011, § 711, and Count III, Failure to Stop at a Stop Sign (Misdemeanor) in violation of 47 O.S.2011, § 11-201, all after former conviction of two or more felonies, in the District Court of Haskell County, Case No. CF-2014-74. In accordance with the jury's recommendation the Honorable Brian C. Henderson sentenced Thompson to twenty (20) years imprisonment on each of Counts I and II, to be served concurrently, and a fine of $5.00 on Count III. Thompson must serve 85% of his sentences on Counts I and II before becoming eligible for parole consideration. Thompson appeals from these convictions and sentences.
¶2 Thompson raises three propositions of error in support of his appeal:
I. The trial court erred in denying Appellant's motion to quash and instructing the jury on the enhanced range of punishment for first degree murder [sic].
II. Under the facts and circumstances of this case, the concurrent twenty-year sentences are excessive and should be modified by at least partial suspension.
III. Appellant's convictions for both misdemeanor manslaughter and the underlying misdemeanor cannot stand.
¶3 After thorough consideration of the entire record before us, including the original record, transcripts, exhibits and briefs, we find that the law and evidence do not require relief in Counts I and II. Count III must be vacated and remanded with orders to dismiss.
¶4 We first find in Proposition I that the trial court did not err in denying Thompson's motion at trial to quash the Supplemental Information charging him with prior convictions. This is not a jurisdictional claim; Thompson waived this issue because he failed to timely assert that the evidence at preliminary hearing was insufficient before he entered a plea at arraignment. Primeaux v. State , 2004 OK CR 16, ¶ 18, 88 P.3d 893, 900 ; Koonce v. State , 1985 OK CR 26, ¶ 7, 696 P.2d 501, 504, overruled on other grounds , Landtroop v. State , 1988 OK CR 90, ¶ 6, 753 P.2d 1371, 1371.
¶5 As well, Appellant's argument that he was surprised by the second page allegations because the second page was not filed with each amended Information is unpersuasive. We have upheld a conviction where a second *263 page was initially separately filed, and not included in the subsequently-filed amended Informations; the defendant had been bound over on the alleged prior convictions, and the record clearly showed he was not surprised by them. Doyle v. State , 1989 OK CR 85, ¶¶ 10, 11, 785 P.2d 317, 322. Like the defendant in Doyle , the record reflects that Thompson was not surprised by the allegations in the Supplemental Information and admitted he had the prior convictions. Id .
¶6 We warned prosecutors that "the better practice would be for the State to file the second page with the amended first page, even when the second page remains the same in substance. ..." Id ., 1989 OK CR 85, ¶ 11, 785 P.2d at 322. The State did not heed that warning in this case. We take this opportunity to again instruct prosecutors to follow the advice of the Court: with subsequent filings of an Information, best practice is for the State to attach or incorporate by reference the second page.
¶7 We further find that the trial court did not err in instructing jurors on the range of punishment. Thompson did not object to the instructions given at sentencing and has waived all but plain error. Day v. State , 2013 OK CR 8, ¶ 14, 303 P.3d 291, 298. Plain error is an actual error, that is plain or obvious, and that affects a defendant's substantial rights, affecting the outcome of the trial. Barnard v. State , 2012 OK CR 15, ¶ 13, 290 P.3d 759, 764. Thompson's claim of incorrect instruction relies wholly on the underlying claim that there was no evidence of the prior convictions presented at preliminary hearing. As Thompson waived that underlying claim of error by failing to raise it before he entered a plea at arraignment, there is no error this Court could use to find plain error in the instructions. This proposition is denied.
¶8 We find in Proposition II that, taking the facts and circumstances of the case into account, Thompson's sentences on Counts I and II are not excessive. See Burgess v. State , 2010 OK CR 25, ¶ 22, 243 P.3d 461, 465. As Thompson admits, the misdemeanor manslaughter charges may be brought, despite the availability of other charges, at the prosecutor's discretion. State v. Haworth , 2012 OK CR 12, ¶¶ 18-19, 283 P.3d 311, 317-18. The record does not support Thompson's claim that the exercise of discretion in this case, or any other factor at trial, led to an excessive sentence. This proposition is denied.
¶9 We find in Proposition III that Thompson's conviction in Count III violates the prohibition against multiple punishment found in 21 O.S.2011, § 11. The State concedes this error. The conviction and fine in Count III are vacated, and the case remanded with instructions to dismiss. This proposition is granted.
DECISION
¶10 The Judgments and Sentences of the District Court of Haskell County, on Counts I and II, are AFFIRMED . The Judgment and Sentence in Count III is VACATED and the case is REMANDED with instructions to DISMISS Count III. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2018), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
LUMPKIN, P.J.: CONCURRING IN RESULT
LEWIS, V.P.J.: CONCUR
HUDSON, J.: SPECIALLY CONCUR
ROWLAND, J.: SPECIALLY CONCUR
LUMPKIN, PRESIDING JUDGE: CONCURRING IN RESULT
¶1 I concur in the results reached but cannot agree with the analysis set forth in Proposition One. The Opinion omits part of the plain error standard of review. Appellant waived his right to preliminary hearing when he proceeded to trial.
¶2 As Appellant made no formal motion to quash prior to entering his plea at the formal arraignment, he waived appellate review of this issue for all but plain error. Primeaux v. State , 2004 OK CR 16, ¶ 18, 88 P.3d 893, 900. This Court reviews for plain error pursuant to the test set forth in Simpson v. State , 1994 OK CR 40, 876 P.2d 690, and determine whether Appellant has shown an actual error, *264 which is plain or obvious, and which affects his substantial rights. Jackson v. State , 2016 OK CR 5, ¶ 4, 371 P.3d 1120, 1121. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Id. ; Hogan v. State , 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923.
¶3 Appellant has failed to show an actual error in the present case. This Court has long recognized that a defendant who proceeds to trial without challenging the absence of a preliminary hearing or, if one was held, any irregularities therein, waives his right to preliminary hearing. Berry v. State , 1992 OK CR 41, ¶ 9, 834 P.2d 1002, 1005 ("[A]ny error arising from the lack of a preliminary hearing on second and subsequent charges was waived by the defendant's entry of a plea to the information and his proceeding to trial without timely offering any objections to the information."); Hambrick v. State , 1975 OK CR 86, ¶ 11, 535 P.2d 703, 705 ("When a defendant, upon arraignment, pleads to the merits and enters on trial, he waives right to preliminary examination, or if one was held, any irregularities therein."); Muldrow v. State , 1919 OK CR 313, 16 Okla.Crim. 549, 185 P. 332, 334 ("[I]f the defendant upon arraignment pleads to the merits and enters on the trial, he waives the right to a preliminary examination.").
¶4 At the bare minimum, Appellant knew that the State intended to proceed on the Supplemental Information when he received the State's Witness List on August 4, 2016. Defense counsel admitted this fact in his argument to the trial court. Appellant's trial did not start until August 15, 2016. Despite the fact that Appellant had ten days to challenge the sufficiency of the preliminary hearing, he lay behind the log and did not raise the instant challenge until the day of trial and proceeded to trial without resolution of the issue. As Appellant failed to challenge the lack of a preliminary hearing and proceeded to trial, he waived his right to a preliminary hearing on the Supplemental Information. Therefore, no error, plain or otherwise, occurred.
HUDSON, J., SPECIALLY CONCURS
¶1 Appellant ran a stop sign at the intersection of two state highways while driving at a high rate of speed in a ten-wheeled lumber truck. This resulted in the deaths of two people when the Lexus in which they were traveling crashed broadside into the bed of Appellant's lumber truck, sheering off the top part of the Lexus as it passed underneath the truck bed. The prosecutor's decision to file two counts of First Degree Misdemeanor-Manslaughter under 21 O.S.2011, § 711(1) was appropriate on these facts. Under Oklahoma law, Failure to Stop at a Stop Sign is a misdemeanor offense for which Appellant was actually charged and convicted in Count 3 (although we dismiss this conviction on double punishment grounds). 47 O.S.2011, §§ 11-201, 17-101(A). We held in State v. Haworth , 2012 OK CR 12, 283 P.3d 311 that "so long as a causal relation can be established between the misdemeanor and the homicide, any misdemeanor could conceivably serve as a predicate for First Degree Manslaughter, consistent with the plain, unambiguous wording of that statute." Id ., 2012 OK CR 12, ¶ 19, 283 P.3d at 318 (emphasis added).
¶2 Appellant complains in Proposition II that we should modify his sentences because the legal theory upon which his misdemeanor-manslaughter convictions rest "stands on less than a perfectly solid legal foundation." Aplt. Br. at 6. There is nothing shaky about it. But for Appellant's failure to stop at the stop sign, the victims would not have been killed. The commission of the misdemeanor offense of running a stop sign was therefore the proximate cause of the victims' deaths. State v. Ceasar , 2010 OK CR 15, ¶ 11, 237 P.3d 792, 795-96 (focus of causal relation analysis is whether the defendant's conduct "was a substantial factor in bringing about the victim's death."). We observed in Haworth that the determination of which charge to bring in these circumstances-negligent homicide or misdemeanor-manslaughter-is left to the prosecutor's broad discretion. Haworth , 2012 OK CR 12, ¶ 18, 283 P.3d at 317. It's hard to argue with the prosecutor's charging decision here based on the record evidence. That is especially so considering *265 the jury rejected convictions on the misdemeanor offense of Negligent Homicide for which it was also instructed on Counts 1 and 2 (O.R. 175-77, 186-87). I therefore specially concur in today's decision.