HAMILTON v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:HAMILTON v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HAMILTON v. STATE
2020 OK CR 11
Case Number: F-2019-398
Decided: 06/04/2020
BRENT ALLEN HAMILTON, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2020 OK CR 11, __ __

 

 

S U M M A R Y O P I N I O N

KUEHN, VICE PRESIDING JUDGE:

¶1 Appellant, Brent Allen Hamilton, was convicted by a jury in Canadian County District Court, Case No. CF-2017-489, of Lewd Acts with a Child Under Sixteen. On May 28, 2019, the Honorable Paul Hesse, District Judge, sentenced him to three and one-half years imprisonment, in accordance with the jury's recommendation. Appellant must serve 85% of his sentence before parole consideration. 21 O.S.Supp.2015, § 13.1(18). This appeal followed.

¶2 Appellant raises four propositions of error in support of his appeal:

PROPOSITION I. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT ALLOWED THE STATE TO REPLAY SELECTED PORTIONS OF THE DVD OF A.R.B'S FORENSIC INTERVIEW (STATE'S EXHIBIT 1, COURT'S EXHIBIT 1) DURING CLOSING ARGUMENT.

PROPOSITION II. THE EVIDENCE PRODUCED BY THE STATE AT TRIAL WAS INSUFFICIENT FOR A REASONABLE JURY TO CONVICT.

PROPOSITION III. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT ALLOWED A JUROR WHO HAD FALLEN ASLEEP DURING TRIAL TO PARTICIPATE IN DELIBERATIONS.

PROPOSITION IV. THE CUMULATIVE EFFECT OF THE ERROR ADDRESSED ABOVE DEPRIVED APPELLANT OF A FAIR TRIAL AND REQUIRES REVERSAL OF THE CONVICTION.

¶3 After thorough consideration of these propositions, the briefs of the parties, and the record on appeal, we affirm. Appellant was charged with inappropriate sexual conduct toward two of his step-daughters on the same evening; he was acquitted on one of the charges, and received close to the minimum sentence on the other. In Proposition I, he claims the prosecutor's replaying of selected portions of one victim's forensic interview in closing argument violated 22 O.S.2011, § 894 and Reed v. State, 2016 OK CR 10, 373 P.3d 118. Appellant timely objected to this procedure beforehand. We review the trial court's management of closing argument for an abuse of discretion. Bosse v. State, 2017 OK CR 10, ¶ 82, 400 P.3d 834, 863.

¶4 Section 894 outlines the procedure for re-presenting testimony at the jury's request once they begin their deliberations. Unlike testimony, physical exhibits usually go to the deliberation room for the jurors' free access. While a recording of a witness's forensic interview is usually played during trial and often marked as a physical exhibit, forensic interviews are "the equivalent of recorded testimony" and thus should not automatically be provided to the jury for free access in deliberations. Reed, 2016 OK CR 10, ¶ 11, 373 P.3d at 122.

¶5 In its case in chief, the State presented a video recording of one victim's forensic interview to corroborate her trial testimony. Although marked as an exhibit, the recording was not provided to the jury during deliberations (and in fact they never asked to review it). In essence, Appellant asks this Court to extend Reed and Section 894 beyond the confines of the jury deliberation room and into open court before the case has even been submitted. Counsel have freedom in closing argument to highlight the evidence favorable to them, so long as that evidence was properly admitted at trial. See Browning v. State, 2006 OK CR 8, ¶ 36, 134 P.3d 816, 839; Alverson v. State, 1999 OK CR 21, ¶¶ 38-40, 983 P.2d 498, 513. We decline to extend Reed, and Section 894, to a party's use of properly admitted evidence in closing argument. Trial courts have considerable discretion in the management of courtroom proceedings, including whether and to what extent parties may display audio-visual material in closing argument.[1] Proposition I is denied.

¶6 In Proposition II, Appellant claims the victim's allegations were "inconsistent, unreliable, and uncorroborated," and cannot support his conviction. We disagree. The victim's claims were corroborated by the observations of her older sister, who not only saw Appellant lying with the victim on her bed at the time the abuse allegedly occurred, but who made contemporaneous notes of what was happening on her phone. When the girls' mother confronted Appellant the next day with their claims, he apologized profusely and claimed he could not remember the incident. Defense counsel thoroughly cross-examined both girls about perceived inconsistencies in their accounts. A rational juror could find Appellant guilty, beyond a reasonable doubt, on the totality of the evidence. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Gordon v. State, 2019 OK CR 24, ¶ 32, 451 P.3d 573, 583. Proposition II is denied.

¶7 In Proposition III, Appellant complains about a juror who may have nodded off during opening statements. The record shows that the matter was promptly brought to the court's attention. Neither party asked to have the juror removed. We therefore review only for plain error, which requires Appellant to show an actual error that is plain or obvious, and which affected his substantial rights, meaning the outcome of the trial. Thompson v. State, 2018 OK CR 5, ¶ 7, 419 P.3d 261, 263. There is absolutely no indication of any other problems with this juror for the rest of the trial. The trial court may certainly remove a sitting juror and substitute an alternate when good cause is shown. Grant v. State, 2009 OK CR 11, ¶ 33, 205 P.3d 1, 16. Here, the trial court was never asked to take such action, and the record simply does not support any basis for doing so. There was no plain error. Proposition III is denied.

¶8 In Proposition IV, Appellant claims the cumulative effect of the errors identified above warrants relief. Having found no error in the preceding claims, there is no error to accumulate. Engles v. State, 2015 OK CR 17, ¶ 13, 366 P.3d 311, 315. Proposition IV is therefore denied.

DECISION

¶9 The Judgment and Sentence of the District Court of Canadian County is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2020), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF CANADIAN COUNTY
THE HONORABLE PAUL HESSE, DISTRICT JUDGE

 

 
 
 
 ATTORNEYS AT TRIAL

 LEE BERLIN
 ANDREA BROWN
 KYLE KILLAM
 8516 E. 101ST STREET, STE. A
 TULSA, OK 74133
 COUNSEL FOR DEFENDANT

 ERIC EPPLIN
 ASST. DISTRICT ATTORNEY
 303 N. CHOCTAW
 EL RENO, OK 73036
 COUNSEL FOR THE STATE
 
 
 ATTORNEYS ON APPEAL

 ANDREA BROWN
 SWAB, STALL, HORTON & FU
 2021 S. LEWIS AVE., STE. 520
 TULSA, OK 74104
 COUNSEL FOR APPELLANT

 MIKE HUNTER
 ATTORNEY GENERAL OF OKLA.
 AMY STUART
 ASST. ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

OPINION BY KUEHN, V.P.J.

LEWIS, P.J.: CONCUR
LUMPKIN, J.: CONCUR
HUDSON, J.: CONCUR
ROWLAND, J.: CONCUR

FOOTNOTES

[1] In this case, the trial court wisely asked the prosecutor to copy the particular excerpts used in closing argument, to be preserved as a Court's Exhibit for appellate review. We encourage any court which might permit such presentations to do the same. See Glossip v. State, 2007 OK CR 12, ¶¶ 65-75, 157 P.3d 143, 155-56.

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2006 OK CR 8, 134 P.3d 816, BROWNING v. STATE
Discussed
 2007 OK CR 12, 157 P.3d 143, GLOSSIP v. STATE
Discussed
 2009 OK CR 11, 205 P.3d 1, GRANT v. STATE
Discussed
 2015 OK CR 17, 366 P.3d 311, ENGLES v. STATE
Discussed
 2016 OK CR 10, 373 P.3d 118, REED v. STATE
Discussed at Length
 2017 OK CR 10, 400 P.3d 834, BOSSE v. STATE
Discussed
 2018 OK CR 5, 419 P.3d 261, THOMPSON v. STATE
Discussed
 2019 OK CR 24, 451 P.3d 573, GORDON v. STATE
Discussed
 1999 OK CR 21, 983 P.2d 498, 70 OBJ 1566, Alverson v. State
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 894, Jury Brought Into Court for Information After Retirement-Notice to Parties
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA